**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:06CV-62-M**

| | |
|---|---|
| **JASON BUGHER AND** | |
| **DARCY BUGHER** | **PLAINTIFFS** |
| | |
| **V.** | |
| | |
| **JOE E. COLLINS AND CHARLES M.** | |
| **CASSARA, Individually and d/b/a** | |
| **C&J ATTRACTIONS** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to dismiss for lack of personal jurisdiction [DN 6] by Defendants, Joe E. Collins, Charles M. Cassara, Individually and d/b/a/ C & J Attractions. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendants' Motion to Dismiss is **DENIED**.

### I. BACKGROUND

This case arises out of a vehicular accident. Plaintiffs, Jason Bugher and his wife, Darcy Bugher, are residents of Kentucky. Defendants, Joe Collins ("Mr. Collins") and Charles M. Cassara ("Mr. Cassara"), are both residents of Florida. Mr. Cassara's business, C & J Attractions ("C & J"), is a "traveling carnival" which operates amusement rides at county fairs and other such events in Kentucky and Tennessee. The business is located in Ohio County, Kentucky.

At the time of the accident, the Bughers were riding together on their motorcycle,

traveling southbound on U.S. Highway 31-E from Kentucky to Tennessee. The Bughers had just crossed the Tennessee state line when their motorcycle collided with a tractor-trailer. Mr. Collins was driving the tractor-trailer, which was being used to transport amusement rides in conjunction with C & J's business. As a result of injuries sustained in the accident, Plaintiffs filed this action.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some

viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

### III. DISCUSSION

The issue before the Court at this stage in the litigation is simply whether the Court has personal jurisdiction over the Defendants. Defendants originally argued in their motion that the Court did not have jurisdiction over any of them. In their reply, however, the Defendants concede for purposes of this motion only, that Plaintiffs have satisfied their burden of establishing an adequate basis for the exercise of personal jurisdiction over both C & J and Mr. Cassara. The lone remaining issue is whether the Court has personal jurisdiction over Mr. Collins, the employee of C & J and Mr. Cassara. Defendants contend that Mr. Collins' only contacts with Kentucky are due to his employment, and that alone is not enough for the Court to exercise personal jurisdiction. The Plaintiffs contend that Mr. Collins' activities in Kentucky allow the Court to exercise jurisdiction over him pursuant to Kentucky's long-arm statute.

In Calder v. Jones, 465 U.S. 783, 790 (1984), the Supreme Court held that an employee's contacts with the forum state must not be judged according to the employer's activities there. Instead, an employee's contacts must be assessed individually. Consequently, although Mr. Collins' contacts with Kentucky arise solely out of his employment, the Court, nevertheless, has personal jurisdiction over him if such an exercise

of jurisdiction would be consistent with due process. See generally, Cantrell v. Extradition Corp. of America, 789 F. Supp. 306 (W.D. Mo. 1992); Bumgarner v. Carlisle Medical, Inc., 809 F. Supp. 461 (S.D. Miss. 1993).

"Whether or not personal jurisdiction is established in any instance depends upon the facts and circumstances of each particular case." Info-Med v. Nat'l Healthcare, Inc., 669 F. Supp. 793, 796 (W.D. Ky. 1987). In determining whether the exercise of personal jurisdiction over a nonresident defendant is authorized, a federal district court must first apply the law of the forum state. Clay v. Hopperton Nursery, Inc., 533 F. Supp. 476, 478 (E.D. Ky. 1982). If the state long-arm statute would permit the exercise of personal jurisdiction over the nonresident defendant, the court must examine whether the exercise of jurisdiction is consistent with the Due Process Clause of the United States Constitution. Id. Where the state legislature has authorized state courts to reach the full constitutional limits in pursuing a nonresident defendant, these two inquiries become one. Id.

In Kentucky, the reach of the long-arm statute and considerations of due process are conflated as "the long-arm statute within this jurisdiction allows Kentucky courts to reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants." Wilson v. Case, 85 S.W.3d 589, 592 (Ky. 2002). Thus, the Court need only consider whether jurisdiction is proper under the Fourteenth Amendment. Nat'l Grange Mut. Ins. Co. v. White, 83 S.W.3d 530, 533-34 (Ky. 2002); see also Tobin v. Astra Pharmaceutical Products, Inc., 993 F.2d 528, 541 (6th Cir.), cert. denied, 510 U.S. 914 (1993) (recognizing that the Kentucky long-arm statute has been understood to reach the full constitutional limits

in entertaining jurisdiction over non-resident defendants).

"The relevant inquiry is whether the facts of the case demonstrate that the nonresident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991) (quoting Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)).  Depending on the type of contacts with the forum, personal jurisdiction may be either general or specific.  General jurisdiction exists upon a showing that the defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant."  Kerry Steel, Inc. v. Paragon Industries, Inc., 106 F.3d 147, 149 (6th Cir. 1997).  Specific jurisdiction is exercised over a defendant in a suit arising out of or related to the defendant's contacts with the forum.  Id.; Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415 & nn. 8-10 (1984).

The Sixth Circuit has identified three criteria for determining whether specific in personam jurisdiction may be exercised:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).  See also Theunissen, 930 F.2d at 1460; Franklin Roofing, Inc. v. Eagle Roofing and Sheet Metal, Inc.,

61 S.W. 3d 239, 240 (Ky. Ct. App. 2001).

"The three prong test is intended to be a framework for analysis and is not susceptible to mechanical application." Info-Med, 669 F.Supp. at 796 (citing Welsh v. Gibbs, 631 F.2d 436, 440 (6th Cir. 1980)). "Furthermore, the first and second prongs may be considered as one due to their inter-relatedness." Id. These prongs may be satisfied if a substantial business contract is present. Id.

Jurisdiction is proper under the purposeful availment requirement where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Moreover, the defendant's conduct and connection with the forum must be of a character that he or she should reasonably anticipate being haled into court there. Id. at 474. This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. Id. at 475.

"A defendant may be said to have purposefully availed himself of the benefits of the forum state if he has either 'deliberately' engaged in significant activities within a state or created 'continuing obligations' between himself and the citizens of a forum." Info-Med, 669 F. Supp. at 796 (quoting Burger King, 471 U.S. at 475-476.). The unilateral activity of someone other than a defendant cannot satisfy the requirement of contact with the forum state. Hanson v. Denckla, 357 U.S. 235, 253 (1958). By contrast, "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their

activities.'" LAK, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir. 1989) (quoting Burger King, 471 U.S. at 473 ). "[J]urisdiction may not be avoided merely because the defendant did not physically enter the forum state, so long as a commercial actor's efforts are purposefully directed toward residents of another state." Info-Med, 669 F. Supp. at 796. "It is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state [and national] lines, thus obviating the need for physical presence within a State when business is conducted." Id.

Plaintiff's uncontradicted allegations show that Mr. Collins has personally conducted substantial business in Kentucky, albeit for his employer. Specifically, he has regularly operated a tractor-trailer truck in the state of Kentucky transporting amusement rides and equipment for Defendant Cassara and C & J. He has held himself out as the responsible person during inspections of the amusement rides by the Kentucky authorities. These actions constitute a purposeful availment of the privilege of acting in Kentucky.

Second, the Plaintiff must show that its cause of action "arose out of" the Defendant's activities in the forum state. KRS 454.210, Kentucky's Long Arm statute, provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's [t]ransacting any business in this Commonwealth." However, since the reach of the Kentucky Long Arm statute is identical to the reach of due process, it is inappropriate to attempt to pigeonhole a defendant's activities into the language of KRS 454.210(a). In re Air Crash Disaster at Gander, Newfoundland, 660 F. Supp. 1202, 1206-07 (W.D.Ky. 1987). "The statute does not provide for a two-fold test as to whether a

court can acquire long-arm jurisdiction. If a defendant is transacting business within the Commonwealth, it is not necessary that a tort be committed herein." See Mohler v. Dorado Wings, Inc., 675 S.W.2d 404, 407 (Ky. Ct. App. 1984) (finding that conducting business in the Commonwealth of Kentucky was sufficient to establish jurisdiction, even though the tort giving rise to suit occurred elsewhere). Based on this authority, the second factor is satisfied as it is irrelevant that the actual tort was committed in Tennessee in light of Mr. Collins' contacts with Kentucky.

Defendants' authority is not to the contrary. Defendant cites Pierce v. Serafin, 787 S.W.2d 705, 706 (Ky. Ct. App. 1990), but that case is distinguishable because the out-of-state defendant's only contact with Kentucky was the mailing of a letter. Thus, he did not purposefully avail himself of the privilege of acting in Kentucky. Id.

When the above two factors are satisfied, an inference arises that the third factor, reasonableness, is also present. Tobin, 993 F.2d at 544. "The determination of reasonableness depends on an evaluation of several factors: the burden on the defendant of litigating in the forum, the interest of the forum state, the plaintiff's interest in obtaining convenient and effective relief, and the shared interest of the several states in furthering fundamental substantive social policies." Id. at 544-45; Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 (1987).

Here, Mr. Collins would not be burdened by litigating in this forum as he often travels to Kentucky on business. Kentucky has an interest in serving as a forum to provide redress for torts alleged to have been committed against its citizens. Obviously, this forum would

be most convenient for the Plaintiffs as well.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint for lack of personal jurisdiction [DN 6] is **DENIED**.

cc: counsel of record
06cv-062Bugher